***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted July 24, reversed and remanded for entry of judgment omitting allegation 3A as a basis for jurisdiction, otherwise affirmed September 7, 2023

In the Matter of Z. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. M.
and M. G.,
*Appellants.*

Coos County Circuit Court
22JU04201; A180621

Megan L. Jacquot, Judge.

Kristen G. Williams filed the brief for appellant N. M.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Tiffany Keast, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant M. G.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and Armstrong, Senior Judge.

MOONEY, P. J.

Reversed and remanded for entry of judgment omitting allegation 3A as a basis for jurisdiction; otherwise affirmed.

**MOONEY, J.**

In this juvenile dependency appeal, mother and father appeal from a jurisdictional judgment entered on January 5, 2023, regarding their child Z. Both parents request that we reverse the judgment regarding the allegation of mother's failure to seek timely medical care for Z when he presented with behaviors concerning for controlled substance exposure. DHS concedes that the juvenile court erred in asserting jurisdiction on that basis. Father also challenges the additional bases on which the juvenile court asserted jurisdiction over the child. Having reviewed the record, we agree with and accept DHS's concession and conclude that the court did not otherwise err.

We review the sufficiency of the evidence supporting dependency jurisdiction by "view[ing] the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess[ing] whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013).

DHS petitioned the juvenile court for dependency jurisdiction over Z following an incident where mother took then-four-year-old Z to the hospital because he was presenting troubling behaviors, and he tested positive for a high level of methamphetamine. The petition, as amended before trial, alleged that Z was under the juvenile court's jurisdiction based on the following bases:

- 3A. "The mother failed to promptly take the child to receive medical care while the child presented with behaviors concerning for controlled substance exposure."

- 3B. "The child presented with unexplained injuries while in mother's home."

- 3C. "The mother lacks the parenting skills necessary to safely parent the child."

- 3D. "The child tested positive for methamphetamine while in the father's care."

- 3E. "The father's substance use interferes with his ability to safely parent the child."

- 3F. "The child ingested methamphetamine which could have led to his death. DHS and mother believe that the exposure is likely to have occurred while the child was in father's care. Mother lacks legal custody to protect the child from further exposure to this threat of harm."[1]

Mother negotiated a resolution with DHS and admitted to the facts in 3F in exchange for dismissal of 3A, 3B, and 3C. She testified at trial and argued in support of jurisdiction over Z to help protect him from father.[2]

At the end of the jurisdictional hearing, the juvenile court found that Z was exposed to methamphetamine while in father's care, which indicated some negligence in supervision, though the court concluded that the state had not proved that father's substance abuse was the cause of the exposure. The court further found that mother's failure to seek medical treatment in a timely manner was part of the problem. The court ultimately asserted jurisdiction over Z based on 3A, 3D, and 3F. Allegation 3F was amended in the judgment to read: "The child tested positive for meth and the court finds that this probably occurred in father's care, based on video and medical evidence." The court dismissed allegations 3B, 3C, and 3E.

In a single assignment of error, mother challenges the juvenile court's decision to assert jurisdiction based on allegation 3A. She asserts that the court lacked authority to assert jurisdiction over Z on an allegation that mother did not admit and had no opportunity to contest, given the agreement prior to trial to dismiss that jurisdictional basis. Father joins that argument in his second assignment of error. DHS concedes that the juvenile court erred and agrees that we should reverse the judgment to omit that basis for jurisdiction. We agree and accept DHS's concession.

---

[1] 3F originally alleged that "the child tested positive for methamphetamine while in the mother's care."

[2] At the time of the incident in question, father had custody of Z and mother had supervised parenting time.

        With respect to the remaining bases for jurisdiction, father asserts that DHS failed to prove that Z was reasonably likely to be exposed to methamphetamine again while in father's care. He points to his multiple negative urinalysis tests over the three months between the incident and the jurisdictional hearing, and the lack of evidence that anyone else in father's home used or possessed methamphetamine. Having reviewed the record, we conclude that the record is sufficient to support the juvenile court's assertion of jurisdiction based on allegations 3D and 3F. The record supports the juvenile court's finding that the exposure probably happened in father's care, and without knowledge of how the exposure happened, there was concern it could happen again.

        Reversed and remanded for entry of judgment omitting allegation 3A as a basis for jurisdiction; otherwise affirmed.